UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLLER BEARING COMPANY OF AMERICA, INC., | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 20-cv-10889-IT * |
| RAYTHEON COMPANY, | * * |
| Defendant. | * |

Memorandum

November 30, 2020

TALWANI, D.J.

I. Introduction

On October 30, 2020, this court denied Plaintiff Roller Bearing Company of America, Inc.'s ("RBC") Motion to Transfer Venue [#28] to the United States District Court for the District of Connecticut. Elec. Order [#45]. This memorandum sets forth the reasons for that denial.

II. Procedural History

In July 2018, Plaintiff filed suit in Connecticut state court against Multicut North America, Inc. ("Multicut North America"). See July 3, 2018 State Court Complaint, Roller Bearing Company of America, Inc. v. Multicut North America, Inc., No. 3:18-cv-01212-SRU (D. Conn. July 23, 2018), ECF No. 1-1. Multicut North America promptly removed the action to the United States District Court for the District of Connecticut. See Notice of Removal, Roller Bearing Company of America, Inc. v. Multicut North America, Inc., No. 3:18-cv-01212-SRU (D. Conn. July 23, 2018), ECF No. 1. Approximately two years later, on May 8, 2020, Plaintiff filed a second suit in the United States District Court for the District of Connecticut, see

Complaint, Roller Bearing Company of America, Inc. v. Multicut Denmark A/S, No. 3:20-cv-0645-SRU (D. Conn. May 8, 2020), ECF No. 1, and a motion to consolidate the two cases. Motion for Leave to File Amended Complaint and for Joinder, Roller Bearing Company of America, Inc. v. Multicut North America, Inc., No. 3:18-cv-01212-SRU (D. Conn. May 8, 2020), ECF No. 63. In that motion, Plaintiff noted that:

> The discovery obtained to date . . . indicates that Raytheon [Company ("Raytheon")] had knowledge of and was involved in the misappropriation and unlawful distribution of RBC's trade secrets, and that Raytheon breached a nondisclosure agreement with RBC. Because of an exclusive forum selection clause in the nondisclosure agreement between Raytheon and RBC, however, RBC will be commencing simultaneously with the filing of this motion a separate action against Raytheon in the United States District Court for the District of Massachusetts.

Id. at 2 n.1. Plaintiff made no mention of any plan to seek the transfer of this third case to the District of Connecticut.

As promised, Plaintiff filed this separate action against Raytheon in this District. See Complaint [#1]. On June 29, 2020, RBC and Raytheon filed a Joint Proposed Scheduling Order [#18], which made no mention of any potential motion to transfer the case. On July 1, 2020, Plaintiff filed an Amended Complaint [#21] correcting the name of Defendant. On July 9, 2020, the court issued a Scheduling Order [#23], and on July 15, 2020, Defendant filed its Answer and Affirmative Defenses [#25]. Not until September 9, 2020, did Plaintiff file its Motion to Transfer Venue [#28] to the District of Connecticut. Defendant opposed the transfer. Defendant's Opposition to Motion to Transfer Venue ("Def.'s Opp'n") [#35].

On October 14, 2020, while Plaintiff's motion to transfer was pending here, the District Court in Connecticut consolidated Plaintiff's 2018 case against Multicut North America and its 2020 case against Multicut Denmark. See Notice of Supplemental Authority [#43].

III. Analysis

    A. Threshold Consideration Where Plaintiff Seeks Transfer

As a threshold matter, the court considers whether Plaintiff, having already had the opportunity to choose its forum when filing its complaint, may subsequently move to transfer venue pursuant to 28 U.S.C. § 1404(a). There is substantial authority permitting such a motion. See § 3844 Procedure for Transfer, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed.) (collecting cases). Nonetheless, courts often require a plaintiff to show that there has been a change of circumstances since the complaint was filed that warrants a transfer. See e.g. Anglo Am. Ins. Grp., P.L.C. v. CalFed Inc., 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996) (collecting cases). Plaintiff has made no such showing here. The two Connecticut actions were both pending as of the date that Plaintiff filed this action here. There were, moreover, no changes in circumstance during the four months between May 8, 2020, when this case was filed, and September 9, 2020, when Plaintiff moved to transfer venue.[1]

Nonetheless, finding no absolute bar to consideration of Plaintiff's motion, the court turns to the merits.

    B. Should the Action Be Transferred?

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."

---

[1] At the motion hearing, Plaintiff's counsel asserted that Plaintiff filed suit here rather than in the District of Connecticut because the relevant statute of limitations was about to run and Plaintiff did not want to risk dismissal based on the forum selection clause. This argument would warrant more attention had Plaintiff promptly filed the motion to transfer here and advised the court in the District of Connecticut that was considering consolidation of the first two cases of Plaintiff's plans to add a third case to the mix. Having failed to do so, Plaintiff's strategy choices are entitled to no consideration here.

Plaintiff argues that transfer to the District of Connecticut would be "in the interests of judicial economy and consistency of rulings and judgments" where there are two related actions "arising out of the same operative facts as this case" pending in Connecticut. Plaintiff's Motion to Transfer Venue ("Mtn. to Transfer") [#28]; see also Memorandum of Law in Support of Plaintiff's Motion to Transfer Venue ("Pl.'s Mem.") 1 [#29]. In making this argument, Plaintiff "does not challenge the enforceability of the forum selection clause under the principles of the Supreme Court's decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)[,]" but nonetheless contends that the court may consider the clause as "boilerplate" and exercise discretion in deciding whether to grant a motion to transfer venue. Pl.'s Mem. 19 [#29].

Defendant objects to the characterization of the clause as "boilerplate" and notes that, even were the description accurate, the clause would remain enforceable. Opposition 6 [#35]. Defendant asserts that transfer must be denied because this case "would have been subject to dismissal under Fed. R. Civ. P. 12(b)(6) based on the forum selection clause" and therefore the action could not have been brought in Connecticut. Id. at 4.

The court rejects Plaintiff's argument that the clause is mere "boilerplate." Plaintiff is not an unsophisticated party, and the inclusion of a forum selection clause in favor of Massachusetts does not appear as an obvious afterthought where Defendant Raytheon is headquartered in Massachusetts.

Defendant is incorrect, however, in asserting that the forum selection clause removes all discretion from the court's consideration of Plaintiff's motion. While the Supreme Court has declined to consider whether a defendant may obtain dismissal under Rule 12(b)(6) where the plaintiff files suit in a district other than the one specified in a forum selection clause, the Court has held that "[t]he structure of the federal venue provisions confirms that they alone define

4

whether venue exists in a given forum" such that "[i]f the federal venue statutes establish that suit may be brought in a particular district, a contractual bar cannot render venue in that district 'wrong.'" Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 56, 58, 61 (2013). Thus, the court concludes that the forum selection clause does not absolutely prohibit such transfer.

Instead, "because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. at 63 (internal quotations omitted). A valid forum selection clause adjusts the usual § 1404(a) analysis as follows. First, Plaintiff's choice of forum merits no weight because "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." Id. Second, the "court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum," here, Massachusetts. See id. at 64. Thus, "a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id.

In Piper Aircraft, the Supreme Court provided a non-exhaustive list of "public interest" factors:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). A court in this district has further

weighed judicial economy as a public interest factor. Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 18 (D. Mass. 2002) (Gorton, J.).

Here, where court congestion is not an issue, the controversy is not a localized one, and Massachusetts law will apply, judicial economy is the primary consideration weighing in favor of transfer. Plaintiff argues that transfer would be "in the interests of judicial economy and consistency of rulings and judgments" because the actions pending in Connecticut "aris[e] out of the same operative facts as this case." Mtn. to Transfer 1 [#28]. Defendant contends that the cases are not, in fact, as similar as Plaintiff describes, explaining that "the gravamen of this action concerns Raytheon's supposed assertion of ownership of the alleged trade secret and disclosure to others. The Multicut cases on the other hand concern Multicut's subsequent interactions with [Plaintiff] and other vendors, in which Raytheon was not involved." Def.'s Opp'n 11 [#35]. The court concludes that while there will undoubtedly be some overlapping matters, efficiencies for the parties here may be obtained through a sharing of discovery material, and that on the record before this court, judicial economy alone is not sufficient to make this the "unusual" or "exceptional" case in which is it appropriate to override a valid forum selection clause. See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 63-64 (2013).[2]

IV. Conclusion

For the foregoing reasons, the Motion to Transfer Venue [#28] to the District of Connecticut has been DENIED. See Elec. Order [#45].

Date: November 30, 2020          /s/ Indira Talwani
                                 United States District Judge

---

[2] In light of this determination, the court does not address Raytheon's further argument that the District of Connecticut does not have personal jurisdiction over Raytheon. See Def.'s Opp'n 7-8 [#35].