UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROLLER BEARING COMPANY OF AMERICA, INC. | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:20-cv-10889-IT |
| RAYTHEON COMPANY | * * | |
| Defendant. | * * | |

MEMORANDUM & ORDER

August 23, 2024

TALWANI, D.J.

　　Roller Bearing Company ("Roller Bearing" or "RBC") brought this action alleging Raytheon Company ("Raytheon") misappropriated RBC's trade secrets related to a rod end bearing design. Am. Compl. [Doc. No. 21]. In advance of trial, Raytheon has filed a motion to exclude evidence of damages after the issuance of Roller Bearing's first patent in 2020. Mot. in Lim. to Exclude Evid. of Damages after Issuance of RBC's Patent (Raytheon's Damages Mot.) [Doc. No. 211]. Raytheon also seeks to preclude evidence of both patents because the patents are irrelevant to this trade secret dispute and would cause unfair prejudice or confusion. See Raytheon's Mot. in Lim. to Exclude Evid. of RBC's Patents (Raytheon's Patents Mot.) [Doc. No. 214]. Roller Bearing opposes both motions, arguing that evidence of damages through April 2023 should be allowed because, inter alia, Raytheon's alleged trade secret misappropriation deprived Roller Bearing of securing a negotiated long-term agreement, Pl.'s Opp. to Raytheon's Damages Mot. 3 [Doc. No. 254], and that the patents are sufficiently related to the alleged trade

secret to be relevant here, and that limited use of the patents would not be a waste of time or

unfairly prejudice Raytheon, Pl.'s Opp. to Raytheon's Patents Mot. 2 [Doc. No. 252].

For the reasons that follow, Raytheon's <u>Motion in Limine to Exclude Evidence of RBC's</u>

<u>Patents</u> [Doc. No. 214] and <u>Corrected Motion in Limine to Exclude Evidence of Damages after</u>

<u>the Issuance of RBC's Patent</u> [Doc. No. 211] are DENIED.

## I.    Background

Roller Bearing contends that it conceived of and developed an improved rod end bearing

design for Raytheon in April 2015, that the combination of the six features of the design were not

in the public domain, and that this design constituted Roller Bearing's trade secret, protected by

its Proprietary Information Agreement ("PIA") with Raytheon. <u>See</u> Am. Compl. ¶¶ 11–13 [Doc.

No. 21]. Roller Bearing alleges that in 2016, Raytheon misappropriated the trade secret by

authorizing Multicut Denmark A/S ("Multicut Denmark") to source the rod end bearing. <u>See</u> Am.

Compl. ¶¶ 28–34 [Doc. No. 21]. Roller Bearing seeks lost profits attributable to the alleged

misappropriation of its trade secrets.

Also in April 2015, Roller Bearing engineer Scott McNeil sent an in-house patent request

relating to the rod end bearing. McNeil Depo. Tr. 233:25–224:3, Alquist Decl., Ex. 5 [Doc. No.

111-5]. On July 11, 2017, Roller Bearing submitted its first patent application, and on September

29, 2020, U.S. Patent No. 10,788,073 ("'073 Patent") was issued. <u>See</u> Alquist Decl., Ex. 20

[Doc. No. 111-20]. Just before the '073 Patent was issued, Roller Bearing filed a continuation

application, modifying some of the '073 Patent's claim language. Pl.'s Opp. to Raytheon's

Patents Mot. 3 [Doc. No. 252]. U.S. Patent No. 11,441,604 ("'604 Patent") was issued on

September 13, 2022. Leddy Aff., Ex. 30 [Doc. No. 126-30]

Roller Bearing contends that the patents contain three out of six features of the alleged trade secret design.[1]

## II.     Discussion

### A.     Raytheon's Motion to Exclude Evidence of Damages After the Issuance of RBC's Patent [Doc. No. 211]

Raytheon argues that if it is found liable for trade secret misappropriation, Roller Bearing is not entitled to damages after the patent issued on September 29, 2020. See Raytheon's Mem. ISO Damages Mot. 10–17 [Doc. No. 212].[2]

Raytheon correctly states the general rule that once a trade secret is disclosed, including through a patent, it is no longer secret. Id. at 10 [Doc. No. 212] (citing, inter alia, Atl. Rsch. Mktg. Sys., Inc. v. Troy, 659 F.3d 1345, 1357 (Fed. Cir. 2011) (applying Massachusetts law)). This understanding is consistent with the Supreme Court's decision in Bonito Boats, Inc. v. Thunder Craft Boats, Inc. that the issuance of a patent "lift[s] the veil of secrecy" from an inventor's work. 489 U.S. 141, 149 (1989).

Roller Bearing counters that the patent does not cover all the features of the alleged trade secret rod end bearing design. Roller Bearing argues further that but-for Raytheon's alleged misappropriation, Roller Bearing would have secured a negotiated long-term agreement ("LTA") before the patent issued, and that the profit it seeks are for lost profit damages it would have made from that LTA. Pl.'s Opp. to Raytheon's Damages Mot. 3 [Doc. No. 254].

---

[1] Roller Bearing only compares the trade secret design to the '073 Patent specifically. Pl.'s Opp. to Raytheon's Patents Mot. 2 [Doc. No. 252]. However, Roller Bearing contends that both patents are the same in terms of design components. See id. at 3. Raytheon has not disputed this relationship between the patents.

[2] A party can only allege misappropriation of a trade secret while information was still confidential. See Wise v. Hubbard, 769 F.2d 1, 2–3 (1st Cir. 1985). The court understands the alleged misappropriation to have occurred before the patent was issued and the dispute at issue in this motion is directed at damages, not liability.

The dispute here is one of fact and need not be resolved prior to the introduction of evidence. The court will not exclude evidence of damages after the issuance of RBC's patent, but will instruct the jury that Roller Bearing must prove that the alleged wrongful actions are the cause of the claimed damages, and that the jury therefore may not award damages for the period after the patent disclosure unless Roller Bearing proves by a preponderance of the evidence that: (1) but-for Raytheon's alleged misappropriation prior to the patent issuance, Roller Bearing would have secured an LTA that extended past the date the patent issued, or (2) the alleged six-feature design has value despite the patent's disclosure of some of the design's features.

Accordingly, Raytheon's motion *in limine* to exclude evidence of damages after the issuance of RBC's patents [Doc. No. 211] is DENIED.

### B.      Raytheon's Motion to Preclude Evidence of RBC's Patents [Doc. No. 214]

#### 1.      Patents are Relevant to Establishing Trade Secret's Non-Obviousness

Compared to trade secrets, patent law has more rigorous statutory requirements. Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 477 (1974). To receive a patent, the inventor must show that their invention is 1) useful, 2) novel, and 3) non-obvious. 35 U.S.C. §§ 102, 103. Trade secrets do not need to be novel in the same way as patents. See Olaplex, Inc. v. L'Oreal USA, Inc., 855 F. App'x 701, 708 n.3 (Fed. Cir. 2021). Instead, what is required is that the information not be readily ascertainable to others in the trade. Therefore, a design that can satisfy the strict standard required for patents has also satisfied the more lenient threshold for trade secrets. See Atl. Wool Combing Co. v. Norfolk Mills, Inc., 357 F.2d 866, 869 (1st Cir. 1966); see also Diomed, Inc. v. Vascular Sol., Inc., 417 F. Supp. 2d 137, 144 (D. Mass. 2006) ("[t]he fact that [sic] improvement was patentable indicated that it was not readily ascertainable").

Raytheon argues that the patent is not relevant because it is not identical to the claimed trade secret. However, where at least some of the features are the same, the patent evidence is not determinative but nonetheless does have relevance to the subsidiary issues of whether the individual features were obvious and not readily ascertainable and thus some relevance to whether the alleged trade secret design as a whole was obvious and not readily ascertainable.[3]

    2.    Allowing Patent Evidence Will Not Cause Unfair Prejudice or Confusion

Raytheon asks to exclude the patent evidence because their "probative value is substantially outweighed" by the concerns of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Roller Bearing responds, in part, by stating that Scott McNeil's trial testimony regarding the patents would be directed to explaining Roller Bearing's development of the rod end design, why Roller Bearing believes its design was non-obvious and why Roller Bearing sought to patent and protect the design, and the reason for filing the applications and why they were filed under seal. The court sees no unfair prejudice, confusing the issues, misleading the jury or other 403 problem in such testimony.[4]

---

[3] The court rejected Raytheon's argument on summary judgment that the evidence could not support Roller Bearing's claim that it possessed a valid trade secret in the rod end bearing design. See Mem. & Order on Def.'s Mot. for Summ. J. 17–19 [Doc. No. 171]. In doing so, the court acknowledged that "courts have held that "the patentability of [a] concept . . . certainly weighs against a summary judgment finding that the design was readily ascertainable." but nonetheless denied Raytheon's motion without relying on the patent evidence where Roller Bearing had not demonstrated that the patent was identical to its alleged trade secret. Id. at 17 n.6 (quoting Diomed, Inc. v. Vascular Sols., Inc., 417 F. Supp. 2d 137, 144 (D. Mass. 2006)). The court does not find this dicta limits Roller Bearing's ability to introduce evidence of the patent here and to argue why the presence of some identical features supports their claim of the existence of a trade secret.

[4] The court does not anticipate allowing Mr. McNeil's testimony as to "why he believes the claims were allowed," as such testimony would be speculative.

Raytheon alleges various problems with the patents, ranging from failing to name all true inventors to violations of Roller Bearing's duty of disclosure to the USPTO. Raytheon's Mem. ISO  Damages Mot. 6 [Doc. No. 212]. However, a motion *in limine* in a trade secrets dispute is not the proper vehicle for patent validity or similar challenges to the patents. See 35 U.S.C. § 282. Raytheon admits that Roller Bearing has not asserted any patent-related claims and plans to use the patents only to show that its alleged trade secret is not obvious. Raytheon's Mem. ISO Patents Mot. in Lim. 7 [Doc. No. 215]. The authorities cited by Raytheon in its supporting memorandum, see [Doc. No. 215] are patent cases that considered obviousness in the context of patent invalidity or infringement actions. See Axonics, Inc. v. Medtronic, Inc., 73 F.4th 950, 957 (Fed. Cir. 2023); U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1564–68 (Fed. Cir. 1997); Phillips v. AWH Corp., 415 F.3d 1303, 131 (Fed. Cir. 2005). Here, none of the causes of action relate to the patent. Thus, for the purposes of this motion, the court will presume that the patents, having been issued, are valid. See 35 U.S.C. § 282.

Accordingly, Raytheon's motion to exclude evidence regarding RBC's patents [Doc. No. 214] is DENIED.

IT IS SO ORDERED.

August 23, 2024                                    /s/ Indira Talwani
                                                   United States District Judge